THE STATE OF CONNECTICUT *vs.* THEODORE RAYMOND.

Third Judicial District, New Haven, January Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

One accused of an indecent assault upon a young boy was asked on his cross-examination, for the purpose of affecting his veracity, if he had not lied to the deacons of his church on a particular occasion and to others in specified instances, and answered in the negative. The accused had offered no evidence of his good character, and the attorney for the State took advantage of this line of enquiry to

The State *v.* Raymond.

insinuate by suggestions that in the instances referred to the accused was under charges of the same nature, with respect to other boys, as the one for which he was then on trial. *Held* that under these circumstances the accused, who was convicted, was entitled to a new trial.

Counsel who manifest a wilful disregard for the rulings and suggestions of the trial judge, the rules of court, and the proprieties of the occasion, should be admonished, and upon a continuance of their misconduct should be summarily suspended or disbarred from practice pursuant to the rules of the Superior Court (Practice Book, 1908, p. 206, § 9).

Argued January 20th—decided March 19th, 1914.

INFORMATION for an indecent assault, brought to the Superior Court in Fairfield County and tried to the jury before *Greene, J.;* verdict and judgment of guilty, and appeal by the accused. *Error and new trial ordered.*

*Howard W. Taylor* and *Spotswood D. Bowers,** for the appellant (the accused).

*Stiles Judson,* State's Attorney, for the appellee (the State).

PER CURIAM. Of the numerous reasons of appeal stated, those chiefly relied upon relate to the conduct of the State's Attorney during the trial, first, in making improper statements in the hearing of the jury and in asking inadmissible questions for the purpose, as claimed, of creating in the minds of the jurors a belief that the accused was guilty of other offenses upon other boys similar to the one for which he was being prosecuted; second, in commenting upon these facts in his closing argument to the jury; and third, in making improper remarks to and about the defendant's attorney, and so characterizing him and his conduct as to

* Mr. Bowers had no connection with the case until it reached this court on appeal.

belittle him in the minds of the jurors, to the defendant's detriment.

The depositions which have been filed do not sustain the appellant's claim for change in the finding upon which he depends to sustain his second claim.

We think that the court erred in permitting the State's Attorney, in cross-examining the defendant, who had offered no evidence of his previous good character, to ask him, as bearing upon his veracity, whether he had not lied to the deacons of his church on a particular occasion and to other persons in specified instances. Probably the defendant would not have been harmed by the questions, as they were answered in the negative, had the State's Attorney kept within the ruling, but he took advantage of it to indicate by his questions that in the instances mentioned the accused was under charges of the same general character as the one for which he was on trial. This misuse of the opportunity afforded by a ruling, which was itself too favorable to the State, entitles the defendant to a new trial.

In the other respects mentioned, the attorney for the State was also guilty of gross impropriety. The record shows on his part, and on the part of the attorney opposed to him, a wilful disregard for the rulings and suggestions of the trial judge throughout the trial, and a similar disregard for the rules of court and the proprieties of the occasion. As soon as it appeared that this misconduct was wilful and not inadvertent, the trial judge should have admonished counsel that a repetition of it would be followed by their suspension or displacement as attorneys. If the admonition was unheeded, such displacement or suspension should have been ordered. Practice Book (1908) p. 206, § 9.

There is error and a new trial is ordered.